J-S73040-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRYAN PERRY, | : | |
| | : | |
| Appellant | : | No. 917 MDA 2014 |

Appeal from the PCRA Order entered on May 16, 2014
in the Court of Common Pleas of Dauphin County,
Criminal Division, No. CP-22-CR-0002139-2011

BEFORE:  BOWES, WECHT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 30, 2014**

Bryan Perry ("Perry") appeals from the dismissal of his amended Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We vacate the Order of the PCRA court, and remand for further proceedings consistent with this Memorandum.

The PCRA court set forth the relevant procedural history and factual background in its Opinion, which we adopt herein for purposes of this appeal.  ***See*** PCRA Court Opinion, 5/16/14, at 1-6.

Perry's court-appointed PCRA counsel filed an amended PCRA Petition. After an evidentiary hearing, the PCRA court dismissed Perry's amended Petition on May 16, 2014.  Perry filed a timely Notice of Appeal and a court-ordered Concise Statement of Matters Complained of on Appeal.

On appeal, Perry raises the following issues for our review:

1. Whether the trial court erred by allowing unmarked evidence to be submitted to the jury?

2. Whether trial counsel[, Deanna Muller, Esquire ("Attorney Muller"),] was ineffective for failing to present a defense and for failing to call alibi witnesses?

3. Whether appellate counsel[, Andrea Haynes, Esquire ("Attorney Haynes"),] was ineffective?

Brief for Appellant at 5 (capitalization omitted, issues renumbered for ease of disposition).

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

In his first issue, Perry contends that, during an *ex parte* communication between the trial judge and the jury during their deliberations, the jury showed evidence to the trial judge. Brief for Appellant at 14. In response, Perry asserts, the trial judge responded "[y]ou weren't even supposed to get that. They weren't marked as part of the evidence." *Id*. (citing N.T., 11/15/11, at 164). Perry asserts that the trial judge erred by failing to inform counsel of the *ex parte* communication or the fact that unmarked evidence was sent to the jury deliberation room. *Id*. at 15. Perry points out that the record does not reflect the nature of the unmarked evidence that the jury mistakenly received, and the trial judge

cannot recall the nature of the unmarked evidence. *Id*. (citing PCRA Court Pa.R.A.P. 1925(a) Opinion, 6/30/14, at 3). Perry claims that he was entitled to a presumption of prejudice, which the Commonwealth failed to overcome, thereby entitling him to a new trial. Brief for Appellant at 15-16.

Perry failed to raise this issue in his Concise Statement. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) (stating that, if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Pa.R.A.P. 1925(b), any issues not raised in that statement are waived). Further, Perry did not raise this issue in his amended PCRA Petition. Accordingly, Perry failed to preserve this issue for our review. *See* Pa.R.A.P. 302(a) (stating that issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

Moreover, this claim is not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2); *see also id*. § 9544(b) (stating that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding"); *Commonwealth v. Jones*, 876 A.2d 380, 383-84 (Pa. 2005) (stating that any claims that have been waived by a petitioner are beyond the power of this Court to review). Thus, even if this claim had been preserved, Perry is not entitled to relief.

In his second issue, Perry contends that Attorney Muller led him to believe that an alibi defense would be presented at trial. Brief for Appellant

- 3 -

at 10. However, Perry asserts, because Attorney Muller failed to file a notice of an alibi defense, the Commonwealth objected when she elicited testimony from Perry that he was at his girlfriend's house at the time of the alleged crimes. *Id*. at 11. Perry claims that, because Attorney Muller had no alibi witness, she should not have asked Perry leading questions that implicated an alibi defense. *Id*. at 12. Perry asserts that Attorney Muller was ineffective for failing to present a defense and an alibi witness to support the line of questioning during trial. *Id*. Perry contends that Attorney Muller's actions were not the product of a reasonable strategic decision, and he suffered prejudice as a result of her actions. *Id*.

In its Opinion, the PCRA court set forth the relevant law, addressed Perry's ineffectiveness claim regarding Attorney Muller, and concluded that it lacks merit. *See* PCRA Court Opinion, 5/16/14, at 6-8. Based on our review of the record, we conclude that the PCRA court's determination is supported by evidence of record and is free of legal error, and therefore affirm on this basis as to this issue. *See id*.

In his third issue, Perry contends that he did not become aware that the jury had mistakenly received unmarked evidence until after he read his trial transcript. Brief for Appellant at 13. Perry claims that, although he told Attorney Haynes of this mistake, she did not include this claim in his direct appeal. *Id*. Instead, Perry asserts, the only issue that she raised in his direct appeal was that his sentence was excessive and unreasonable. *Id*.

Perry also contends that Attorney Haynes failed to raise the above-discussed issues of Attorney Muller's ineffectiveness on direct appeal. *Id*. Perry asserts that, because Attorney Haynes had no reasonable basis for failing to raise Attorney Muller's ineffectiveness in his direct appeal, Attorney Haynes was ineffective and prejudice can be presumed. *Id*.

Initially, we observe that the PCRA court failed to address Perry's claims regarding Attorney Haynes ineffectiveness in its dismissal Opinion, despite the fact that this issue was raised in Perry's amended Petition. *See* PCRA Court Opinion, 5/16/14, at 6-8; *see also* PCRA Court Pa.R.A.P. 1925(a) Opinion, 6/30/14, at 2 (wherein the PCRA court acknowledged that it failed to address this issue in its dismissal Opinion). Nevertheless, because the issue of whether Attorney Haynes was ineffective for failing to raise the issue of Attorney Muller's ineffectiveness on direct appeal is easily resolvable on the record and the briefs, we will address it. *See Commonwealth v. Ali*, 10 A.3d 282, 317 n.26 (Pa. 2010).

Litigation of ineffectiveness claims is not generally a proper component of a defendant's direct appeal, and is presumptively deferred for collateral attack under the PCRA. *See Commonwealth v. Holmes*, 79 A.3d 562, 578 (Pa. 2013) (establishing a deferral rule for ineffectiveness claims litigated after its decision in *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002)). The Pennsylvania Supreme Court has recognized two exceptions to the rule

that ineffectiveness claims should be deferred until collateral review, both falling within the discretion of the trial court:

> First, we held that trial courts retain discretion, in extraordinary circumstances, to entertain a discrete claim of trial counsel ineffectiveness if the claim is both apparent from the record and meritorious, such that immediate consideration best serves the interest of justice. Second, we held that trial courts also have discretion to entertain prolix claims of ineffectiveness if there is a good cause shown and the unitary review thus permitted is accompanied by a knowing and express waiver by the defendant of the right to pursue a first PCRA petition.

*Commonwealth v. Arrington*, 86 A.3d 831, 856-57 (Pa. 2014).

Perry has not argued that his ineffectiveness claims regarding Attorney Muller fall within either exception to the rule that such claims should be deferred until collateral review, such that Attorney Haynes *could* have raised them on direct appeal. Moreover, given our conclusion that Perry's ineffectiveness claims regarding Attorney Muller lack arguable merit, Attorney Haynes cannot be deemed ineffective for failing to raise them in Perry's direct appeal. *See Commonwealth v. Weiss*, 81 A.3d 767, 783 (Pa. 2013). Thus, based on our review of the record, we cannot grant Perry relief on this claim.

However, Perry's claim that Attorney Haynes was ineffective for failing to raise, on direct appeal, the jury's receipt of unmarked evidence cannot be resolved on the certified record. As recognized by the PCRA court, this issue was not pursued or addressed at the evidentiary hearing. *See* PCRA Court Pa.R.A.P. 1925(a) Opinion, 6/30/14, at 2. Our review of the certified record

- 6 -

discloses that Attorney Haynes did not testify at the evidentiary hearing, and the record is devoid of her response to Perry's claim that he had informed her of the jury's receipt of unmarked evidence. *See id*. at 3. Nevertheless, the PCRA Court acknowledged that this claim was addressed in Perry's briefs following the evidentiary hearing. *See id*.

To enable appellate review, PCRA courts are required to provide a legally robust discussion, complete with clear findings of fact where required. *See Commonwealth v. Smith*, 17 A.3d 873, 884 (Pa. 2011). A fact-finding court should support its holding with sufficient explanations of the facts and law to facilitate appellate review. *See id*. Where a petitioner has presented a claim to the PCRA court and that court has not addressed it, a remand is appropriate where the claim cannot be resolved on the record. *See id*. "[P]articularly in close cases, a developed post-conviction record accompanied by specific factual findings and legal conclusions is an essential tool necessary to sharpen the issues." *Commonwealth v. Gibson*, 951 A.2d 1110, 1121-22 (Pa. 2008) (vacating an award of a new penalty hearing and remanding for further proceedings). Thus, we vacate the Order of the PCRA court and remand this matter to the PCRA court to conduct an evidentiary hearing on the issue of whether Attorney Haynes rendered ineffective assistance by failing to raise, on direct appeal, the jury's receipt of unmarked evidence.

Order vacated. Case remanded for further proceedings consistent with this Memorandum. Superior Court jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2014